UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLGA TIKHONOVA,

Plaintiff,

v.

U.S. DEPARTMENT OF STATE, et al.,

Defendants.

Case No. 22-cv-06034-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 12

Pending before the Court is Defendants' motion to dismiss.  Dkt. No. 12.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

## I.    BACKGROUND

Pro se Plaintiff Olga Tikhonova is a U.S. citizen.  *See* Dkt. No. 1 ("Compl.") at ¶ 3.  Her mother, Liubov Tikhonova, is the beneficiary in this case and is a citizen and resident of Russia. *See id.* at ¶¶ 3, 6.  Plaintiff filed a Form I-130 Petition for Alien Relative on behalf of her mother in July 2021.  *See id.* at ¶ 7.  According to the complaint, the U.S. Citizenship and Immigration Service approved the application, and sent the petition to the National Visa Center ("NVC"), a part of the U.S. Department of State.  *Id.* at ¶ 8.  Plaintiff and her mother then submitted the required Form DS-260 in November 2021.  *See id.* at ¶ 9.  In May 2022, NVC stated that it had received all necessary "fees, forms, and documents" and would work with the U.S. Embassy in Warsaw to schedule the interview.  *Id.* at ¶ 11.  At the time (and as of the date of this order), the Department of State suspended immigrant visa services at the U.S. Embassy in Moscow "due to the Russian government's April 23 notification of its intention to prohibit U.S. Mission Russia from

1   employing foreign nationals in any capacity."[1]  *See* DEP'T OF STATE, U.S. Embassy & Consulates

2   in Russia, *Message to U.S. Citizens: U.S. Mission Russia - Reduction of Consular Servs.*[2]  The

3   State Department accordingly "designated the U.S. Embassy in Warsaw to process immigrant

4   visas for residents of Russia."  *See* DEP'T OF STATE, U.S. Embassy & Consulates in Russia, *Visas*.[3]

5   However, on September 9, 2022, Poland also announced that it would no longer issue visas to

6   Russian citizens or allow Russian citizens into the country.  Compl. at ¶ 12.  Despite this

7   announcement, Plaintiff alleges that NVC notified Plaintiff and her mother that an immigrant visa

8   interview had been scheduled in Warsaw for November 23, 2022.  *Id.* at ¶ 13.  Plaintiff alleges

9   that she reached out several times to NVC to change the location of the interview and "has

10   exhausted any and all administrative remedies that may exist."  *Id.* at ¶¶ 17–18.

11         Plaintiff filed this case against the U.S. Department of State and Antony Blinken in his

12   official capacity as U.S. Secretary of State.  *See id.* at ¶¶ 4–5.  By refusing to relocate the visa

13   interview to Russia, Plaintiff contends that "Defendants have failed to fulfill their duty to

14   adjudicate [the] immigration visa application . . . ."  *Id.* at ¶¶ 21–23.  She seeks "an order directing

15   Defendants to schedule the immigration interview in the country where [her mother] resides in and

16   approve [her mother's] immigration visa application . . . ."  *See* Compl. at 1.  Plaintiff has alleged

17   causes of action under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure

18   Act, 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1).

19         Defendants now move to dismiss the complaint in its entirety under both Federal Rule of

20   Civil Procedure 12(b)(1) and 12(b)(6).  *See* Dkt. No. 12.  The Court notes that the parties have not

21   provided any update on whether the Warsaw interview was rescheduled or relocated in the

---

[1] The government requests the Court take judicial notice of the State Department's public announcement and information from its website.  *See* Dkt. No. 12-1 at 1, & n.1.  The Court finds it may take judicial notice of these documents, which are: (1) statements of government officials or entities that are not subject to reasonable dispute; or (2) other public records and government documents available on reliable internet sources, such as government websites.  *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking "judicial notice of government documents, court filings, press releases, and undisputed matters of public record"); *see also* Fed. R. Evid. 201(b).

[2] Available at https://ru.usembassy.gov/message-to-u-s-citizens-u-s-mission-russia-reduction-of-consular-services/ (last visited August 8, 2023).

[3] Available at https://ru.usembassy.gov/visas/ (last visited August 8, 2023).

United States District Court
Northern District of California

1   intervening months since this case was filed.[4]

2   **II.   LEGAL STANDARD**

3   **A.   Rule 12(b)(1)**

4   Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of

5   subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be either

6   facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court

7   is permitted to look beyond the complaint to extrinsic evidence.  *See Wolfe v. Strankman*, 392 F.3d

8   358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036,

9   1040, n.2 (9th Cir. 2003).  A facial challenge "asserts that the allegations contained in a complaint

10  are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373

11  F.3d 1035, 1039 (9th Cir. 2004).  Where the plaintiff cannot cure a jurisdictional defect by

12  amendment, the court may dismiss the complaint without leave to amend.  *Eminence Capital, LLC*

13  *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

14  **B.   Rule 12(b)(6)**

15  Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

16  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

17  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

18  granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

19  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

20  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

21  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

22  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

23  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

24  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

25  In reviewing the plausibility of a complaint, courts "accept factual allegations in the

26

27  [4] According to the complaint, Liubov Tikhonova's interview was scheduled for November 23,
    2022.  Compl. at ¶ 13.  The Court assumes, based on Plaintiff filing this case and the absence of

28  any further update, that this interview did not occur, no other interview has occurred, and the visa
    application remains pending.

United States District Court
Northern District of California

1   complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

2   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

3   courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

4   fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

5   2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

6   **III.    DISCUSSION**

7          Plaintiff brings claims under both the Mandamus Act and the APA.  Plaintiff offers little

8   explanation in her complaint or opposition to the motion to dismiss as to why she is entitled to

9   relief under these statutory provisions.  But regardless of the statutory basis, Plaintiff ultimately is

10  seeking an order changing the location of her mother's visa interview and compelling the

11  adjudication of her visa application.  Plaintiff specifically requests an order compelling

12  Defendants to schedule her mother's visa interview at the U.S. Embassy in Moscow, Russia rather

13  than in Warsaw, Poland.  *See* Compl. at ¶¶ 19–26; *see generally* Dkt. No. 17.  By failing to change

14  the location of the interview to Moscow, Plaintiff urges that Defendants have indefinitely delayed

15  the adjudication of the visa application.  Compl. at ¶¶ 13–17, 27–32.  Defendants contend that the

16  Court lacks subject matter jurisdiction because Plaintiff is challenging Defendants' discretionary

17  authority.  *See* Dkt. No. 12-1 at 7–11.

18         The Mandamus Act vests district courts with "original jurisdiction of any action in the

19  nature of mandamus to compel an officer or employee of the United States or any agency thereof

20  to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Similarly, under § 706(1) of the APA,

21  a court may "compel agency action unlawfully withheld or unreasonably delayed."  *See* 5 U.S.C.

22  § 706(1).  The Supreme Court has interpreted this language to mean that "the only agency action

23  that can be compelled under the APA is action *legally required*."  *Norton v. S. Utah Wilderness*

24  *All. ("SUWA")*, 542 U.S. 55, 63, n.1 (2004) (emphasis in original)).  An action is only legally

25  required "if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete

26  agency action.'"  *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir.

27  2016) (quoting *SUWA*, 542 U.S. at 63); *see also SUWA*, 542 at 63 (finding that a case under

28  § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency

United States District Court
Northern District of California

action that it is *required to take*") (emphasis in original).  In short, in order to compel an agency to act under either the Mandamus Act or the APA, Plaintiff must establish that the agency has a duty to act.

Defendants argue that they do not have a legal duty to hold a visa interview in the location of an applicant's choosing.  Dkt. No. 12 at 7, 9–10.  Rather, in their view, this is a discretionary act over which the Court has no subject matter jurisdiction.  *Id.*  Defendants first point to 8 U.S.C. § 1202(a), which states that an individual shall apply for an immigrant visa "in such form and manner at such place as shall be by regulations prescribed."  8 U.S.C. § 1202(a).  The "form," "manner" and "place" are thus all determined by the agency's own regulations.  The statute itself therefore does not contain any "'specific, unequivocal command'" about the location of a visa application or interview.  *See Vietnam Veterans*, 811 F.3d at 1075 (quoting *SUWA*, 542 at 63).

Although few cases have analyzed what legal duties are imposed by § 1202(a), those that have considered the statute have concluded that it vests the State Department with wide discretion.  In *Legal Assistance for Vietnamese Asylum Seekers v. Department of State, Bureau of Consular Affairs*, the D.C. Circuit considered § 1202(a) and concluded that visa applicants have "no substantive right" to have their applications processed in "any particular venue."  104 F.3d 1349, 1354 (D.C. Cir. 1997).  Such decisions were "entrusted to the discretion of the State Department" and were thus unreviewable by the Court.  *See id.* at 1353–54.  The plaintiffs challenged the Department of State's consular venue policy, which required Vietnamese and Laotian migrants—who were fleeing to nearby countries in the 1980s seeking refuge—to submit their visa applications in their home country.  *Id.* at 1350–51.  In looking at § 1202(a), the court reasoned that the statute "grants to the Secretary discretion to prescribe the place at which aliens apply for immigrant visas without providing substantive standards against which the Secretary's determination could be measured."  *Id.* at 1353.  The form, manner, and place "are left entirely to the discretion of the Secretary of State."  *Id.*  The court further noted that such discretion is sensible where "the agency is entrusted by a broadly worded statute with balancing complex concerns involving security and diplomacy."  *Id.*

Here, Defendants further point out that the pertinent regulations also grant the agency wide

United States District Court
Northern District of California

1    discretion, although they place some limitations on the *applicant*.  For example, 22 C.F.R. § 42.61

2    provides that a foreign national "shall make an immigrant visa application in person at the

3    consular office having jurisdiction over [his or her] place of residence," "*unless otherwise directed*

4    *by the Department*."  22 C.F.R. §§ 42.61(a) (emphasis added).  Similarly, "a consular office may,

5    *as a matter of discretion*, or shall, *at the direction of the Department*, accept an immigrant visa

6    application from [a foreign national] who is neither a resident of, nor physically present in, the

7    area designated for that office for such purpose."  *Id.* (emphasis added).  The State Department

8    therefore may determine where it will accept visa applications.  The visa interview itself is

9    prescribed by 22 C.F.R. § 42.62.  Under this regulation, "[e]very applicant applying for an

10   immigrant visa  . . . shall be required to appear personally before a consular officer for the

11   execution of the application" and "must be interviewed by a consular officer . . . ."  22 C.F.R.

12   § 42.62(a)–(b).  The regulation does not, however, place any limitations on where Defendants

13   schedule that interview.

14           In response, Plaintiff does not cite—and the Court is not aware—of any statute or

15   regulation dictating the location of a visa interview.  To the contrary, courts have broadly found

16   that "Congress has given [the State Department and other agencies] wide discretion in the area of

17   immigration processing."  *See Poursohi v. Blinken*, No. 21-cv- 01960-TSH, 2021 WL 5331446 at

18   *5 (N.D. Cal. Nov. 16, 2021) (quotation omitted).  Likewise, the limitations on judicial review

19   under the APA and the Mandamus Act are intended to "protect agencies from undue judicial

20   interference with their lawful discretion" and "avoid entanglement in abstract policy

21   disagreements which courts lack both expertise and information to resolve."  *SUWA*, 542 U.S. at

22   66–67.  The location of a visa interview falls squarely within this kind of complex and nuanced

23   policy determination.  Accordingly, to the extent Plaintiff seeks an order changing the location of

24   Liubov Tikhonova's visa interview to Moscow, she has not established that Defendants have a

25   nondiscretionary duty to schedule her interview there.  The Court therefore **GRANTS** the motion

26   to dismiss on this basis.

27   //

28   //

IV.    **CONCLUSION**

The Court **GRANTS** the motion to dismiss.  This order also **TERMINATES AS MOOT** Dkt. No. 20.  To the extent Plaintiff's claims are based on the belief that her mother's visa interview should be scheduled in Russia (or any specific location of her choosing), the Court dismisses these claims **WITHOUT LEAVE TO AMEND**.

Nevertheless, the Court cannot say at this stage that amending the complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotations omitted).  To the extent Plaintiff seeks relief other than choosing the location of the visa interview, she may amend her complaint to clarify these claims.  Plaintiff shall file any amended complaint by no later than September 8, 2023.

The Court notes that in February 2023, the State Department added the U.S. Embassy in Tashkent, Uzbekistan and the U.S. Consulate General Almaty in Kazakhstan "as processing posts for Russian IR-5 (parent of a U.S. citizen) immigrant visa applicants."  *See* Dᴇᴘ'ᴛ ᴏғ Sᴛᴀᴛᴇ, U.S. Embassy & Consulates in Russia, *Visas*, available at https://ru.usembassy.gov/visas/ (last visited August 8, 2023).  In their reply brief, Defendants also suggest that the visa application was in fact transferred to the U.S. Consulate General Almaty in Kazakhstan and that they provided Liubov Tikhonova with instructions for how to schedule an interview there.  *See* Dkt. No. 18-1 at ¶¶ 7–9.  Any amended complaint should therefore address the current status of the visa application; whether an interview in Kazakhstan—or another location—was offered, scheduled, or has taken place; and why Plaintiff believes that she still has a live claim.  Failure to file an amended complaint by this deadline or to address these issues may result in the dismissal of the action in its entirety without further leave to amend.

The Court further **SETS** a telephonic case management conference on October 17, 2023, at 2:00 p.m. to discuss how to move this case forward efficiently.  The Court **DIRECTS** the parties

United States District Court
Northern District of California

1   to submit individual case management statements by October 10, 2023.  The parties shall use the

2   following dial-in information to access the call:

3   **Dial-In:**  888-808-6929;

4   **Passcode:**  6064255

5   All attorneys and pro se litigants appearing for a telephonic case management conference are

6   required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.

7   For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all

8   possible, parties shall use landlines.

9   Given the complexity of this case, the Court encourages Plaintiff to seek assistance at the

10  Legal Help Center, which provides free information and limited-scope legal assistance to pro se

11  litigants, if she is unable to retain counsel.  More information about the Legal Help Center is

12  provided at http://www.cand.uscourts.gov/legal-help.  Telephone appointments may be scheduled

13  either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

14  **IT IS SO ORDERED.**

15  Dated:  8/9/2023

16

17  HAYWOOD S. GILLIAM, JR.
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

8